Kegan A. Brown
Taylor R. West (admitted *pro hac vice*)
Youlan Xiu (admitted *pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: kegan.brown@lw.com
Email: taylor.west@lw.com
Email: youlan.xiu@lw.com

*Attorneys for Plaintiff Paddock Enterprises, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PADDOCK ENTERPRISES, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | Civ. Action No.: 5:22-cv-1558<br>Judge Sarah Lioi<br><br>**PLAINTIFF PADDOCK ENTERPRISES, LLC'S ANSWER TO DEFENDANT UNITED STATES OF AMERICA'S COUNTERCLAIMS** |

Plaintiff Paddock Enterprises, LLC, successor by merger to Owens-Illinois, Inc.

("Paddock), by and through its attorneys, hereby files this Answer to the Counterclaims of the

United States of America ("United States").

## PARTIES

1.  Paddock admits the allegation in Paragraph 1 of the Counterclaims.

2.  Paddock admits the allegations in Paragraph 2 of the Counterclaims.

## JURISDICTION AND VENUE

3.  Paddock states that the allegations in Paragraph 3 of the Counterclaims assert

conclusions of law for which no response is required.  To the extent a response is required,

Paddock admits the allegations in Paragraph 3 of the Counterclaims.

4.     Paddock states that the allegations in Paragraph 4 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock admits the allegations in Paragraph 4 of the Counterclaims.

## OWNERSHIP AND OPERATION OF THE JAITE PAPER MILL AND SITE[1]

### The Jaite Mill Site

5.     Paddock admits the allegations in Paragraph 5 of the Counterclaims.

6.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 6 of the Counterclaims, and therefore denies the same, except that Paddock admits that Jaite Mill was in operation beginning at least in 1905 and until at least 1984.

7.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 7 of the Counterclaims, and therefore denies the same.

8.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 8 of the Counterclaims, and therefore denies the same.

9.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 9 of the Counterclaims, and therefore denies the same.

### The Jaite Mills' Ownership and Operation by
### The Jaite Company and National Container Corporation

10.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 10 of the Counterclaims, and therefore denies the same.

---

[1]     Paddock's Answer to the Counterclaims reproduces the headings used in the United States' Counterclaims.  In so doing, Paddock does not accept the United States' characterizations, does not admit any facts that may be construed to be within such headings, and to the extent required, denies any facts that may be construed to be within such headings.

11.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 11 of the Counterclaims, and therefore denies the same.

12.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 12 of the Counterclaims, and therefore denies the same.

13.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 13 of the Counterclaims, and therefore denies the same.

14.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 14 (including its subparts) of the Counterclaims, and therefore denies the same, except that Paddock admits that Jaite Mill was listed in the National Register of Historic Places in 1979.

15.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 15 (including its subparts) of the Counterclaims, and therefore denies the same, except that Paddock admits that National Container Corporation operated at Jaite Mill beginning in 1951.

16.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 16 of the Counterclaims, and therefore denies the same.

17.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 17 (including its subparts) of the Counterclaims, and therefore denies the same.

18.     Paddock states that the allegations in Paragraph 18 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 18 of the Counterclaims, and therefore denies the same.

19.     Paddock states that the allegations in Paragraph 19 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 19 of the Counterclaims, and therefore denies the same.

<u>The Jaite Mills' Ownership and Operation by Owens-Illinois</u>

20.     Paddock admits the allegations in Paragraph 20 of the Counterclaims, except for the last sentence of Paragraph 20, which does not state any factual allegations.

21.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 21 of the Counterclaims, and therefore denies the same.

22.     Paddock admits the allegations in Paragraph 22 of the Counterclaims.

23.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 23 of the Counterclaims, and therefore denies the same, except that Paddock admits that, as a result of the merger with National Container Corporation, Owens-Illinois had a supply of containerboard that could be converted into boxes to ship other Owens-Illinois products.

24.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 24 of the Counterclaims, and therefore denies the same.

25.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 25 of the Counterclaims, and therefore denies the same.

26.     Paddock states that the allegations in Paragraph 26 (including its subparts) of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 26 (including its subparts) of the Counterclaims, and therefore denies the same.

27.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 27 of the Counterclaims, and therefore denies the same.

28.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 28 (including its subparts) of the Counterclaims, and therefore denies the same, except that Paddock admits that Hugh C. Laughlin served as an officer of Owens-Illinois at various points in time.

29.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 29 of the Counterclaims, and therefore denies the same.

30.     Paddock states that the allegations in Paragraph 30 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 30 of the Counterclaims, and therefore denies the same.

31.     Paddock denies the allegations in Paragraph 31 of the Counterclaims, except that Paddock admits that Owens-Illinois owned and operated Jaite Mill from 1957 until 1967.

32.     Paddock states that the allegations in Paragraph 32 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 32 of the Counterclaims, and therefore denies the same.

33.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 33 of the Counterclaims, and therefore denies the same.

34.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 34 (including its subparts) of the Counterclaims, and therefore denies the same.

35.     Paddock states that the allegations in Paragraph 35 (including its subparts) of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 35 (including its subparts) of the Counterclaims, and therefore denies the same.

The Government's Antitrust Case Against Owens-Illinois and Its Sale of the Jaite Mill

36.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 36 of the Counterclaims, and therefore denies the same.

37.     The allegations in Paragraph 37 of the Counterclaims characterize a document, a complaint filed by U.S. Department of Justice, which speaks for itself, and assert conclusions of law to which no response is required.  To the extent a response is required, Paddock denies the allegations in Paragraph 37 of the Counterclaims, except that Paddock admits the U.S. Department of Justice filed an antitrust lawsuit against Owens-Illinois on December 4, 1956.

38.     The allegations in Paragraph 38 of the Counterclaims characterize a document, a complaint filed by U.S. Department of Justice, which speaks for itself, and assert conclusions of law to which no response is required.  To the extent a response is required, Paddock denies the allegations in Paragraph 38 of the Counterclaims.

39.     Paddock denies the allegations in Paragraph 39 of the Counterclaims, except that Paddock admits that Owens-Illinois entered into a consent judgment with the United States on July 8, 1963 to resolve the antitrust litigation.

40.     The allegations in Paragraph 40 of the Counterclaims characterize a document, a consent judgment dated July 8, 1963, which speaks for itself, and assert conclusions of law to which no response is required.  To the extent a response is required, Paddock denies the allegations in Paragraph 40 of the Counterclaims.

41.     The allegations in Paragraph 41 characterize a document, a consent judgment dated July 8, 1963, which speaks for itself, and assert conclusions of law to which no response is required.  To the extent a response is required, Paddock denies the allegations in Paragraph 41 of the Counterclaims.

42.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 42 of the Counterclaims, and therefore denies the same, except that Paddock admits that Jaite Mill was sold in 1967.

43.     The allegations in Paragraph 43 of the Counterclaims characterize documents, Owens-Illinois' Annual Reports for 1963 through 1966, which speak for themselves.  Paddock denies the allegations in Paragraph 43 of the Counterclaims, except that Paddock admits that the 1963, 1964, 1965, and 1966 annual reports do not expressly discuss Jaite Mill operations.

44.     The allegations in Paragraph 44 of the Counterclaims characterize a document, Owens-Illinois' Annual Report for 1967, which speaks for itself.  Paddock denies the allegations in Paragraph 44 of the Counterclaims, except that Paddock admits that the 1967 Annual Report includes the sentence "In March, 1967, a small mill at Jaite, Ohio, which produced one type of corrugating medium and lightweight chipboard, was sold."

45.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 45 of the Counterclaims, and therefore denies the same, except that Paddock admits that Owens-Illinois sold Jaite Mill to the Tecumseh Corrugated Box Company in 1967.

Paddock and its Corporate Successor Connections
to the Past Owners and Operators of the Jaite Mill Site

46.     Paddock denies the allegations in Paragraph 46 of the Counterclaims, except that Paddock admits that Paddock was formed in connection with a corporate modernization of Owens-Illinois, Inc.

47.     Paddock states that the allegations in Paragraph 47 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock admits that it succeeded to environmental liabilities and asbestos-related liabilities of Owens-Illinois as a matter of law and as reflected in the underlying transaction documents.

48.     Paddock denies the allegations in Paragraph 48 of the Counterclaims, except that Paddock admits that O-I Glass, Inc. is a public company with shares traded on the New York Stock Exchange.

49.     Paddock denies the allegations in Paragraph 49 of the Counterclaims, except that Paddock admits that it filed an action under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware on January 6, 2020.

50.     Paddock states that the allegations in Paragraph 50 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock admits that section 3.2(e)(ii) of the Third Amended Plan of Reorganization for Paddock Enterprises, LLC Under Chapter 11 of the Bankruptcy Code (the "Plan") provides that each "Environmental Claims or Causes of Action," as defined in the Plan, "shall pass through this Plan and the Chapter 11 Case as provided in Section 8.10" of the Plan.  The United States Bankruptcy Court for the District of Delaware confirmed the Plan on May 26, 2022.

51.     Paddock states that the allegations in Paragraph 51 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock admits that it is a successor by operation of law to Owens-Illinois.

52.     Paddock states that the allegations in Paragraph 52 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock admits that it is a successor by operation of law to National Container Corporation.

53.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 53 of the Counterclaims, and therefore denies the same.

54.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 54 of the Counterclaims, and therefore denies the same, except that Paddock admits that Owens-Illinois (a predecessor of Paddock by operation of law) or National Container Corporation (a predecessor of Paddock by operation of law) owned and operated Jaite Mill from approximately 1951 until 1967.

55.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 55 of the Counterclaims, and therefore denies the same, except that Paddock admits that Owens-Illinois (a predecessor of Paddock by operation of law) or National Container Corporation (a predecessor of Paddock by operation of law) owned and operated Jaite Mill from approximately 1951 until 1967.

<u>The United States' Ownership of the Jaite Mill Site</u>

56.     Paddock states that the allegations in Paragraph 56 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock denies those allegations.

57.     Paddock states that the allegations in Paragraph 57 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock admits those allegations.

58.     Paddock states that the allegations in Paragraph 58 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock denies those allegations.

59.     Paddock states that the allegations in Paragraph 59 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock admits those allegations.

60.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 60 of the Counterclaims, and therefore denies the same, except that Paddock admits that the United States had acquired the Jaite Mill parcels and made those parcels part of the Cuyahoga Valley National Park by 1985.

61.     Paddock states that the allegations in Paragraph 61 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 61 of the Counterclaims, and therefore denies the same.

62.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 62 of the Counterclaims, and therefore denies the same.

63.     Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 63 of the Counterclaims, and therefore denies the same, except that Paddock admits that the National Park Service installed fencing around some portions of Jaite Mill at some point in time.

**Statutory Background**

64.     Paddock states that the allegations in Paragraph 64 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock denies those allegations.

65.     Paddock states that the allegations in Paragraph 65 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock denies those allegations.

66.     Paddock states that the allegations in Paragraph 66 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock admits those allegations.

67.     Paddock states that the allegations in Paragraph 67 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock admits those allegations.

68.     Paddock states that the allegations in Paragraph 68 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 68 of the Counterclaims, and therefore denies the same.

69.     Paddock states that the allegations in Paragraph 69 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock denies the allegations in Paragraph 69 of the Counterclaims.

70.     Paddock states that the allegations in Paragraph 70 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks

for itself.  To the extent a response is required, Paddock denies the allegations in Paragraph 70 of the Counterclaims.

**Response Activities and Costs Incurred by the United States**

71.     Paddock states that the allegations in Paragraph 71 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock denies the allegations in Paragraph 71 of the Counterclaims.

72.     Paddock states that the allegations in Paragraph 72 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute and cited regulation speak for themselves.  To the extent a response is required, Paddock denies the allegations in Paragraph 72 of the Counterclaims

73.     Paddock states that the allegations in Paragraph 73 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock denies the allegations in Paragraph 73 of the Counterclaims.

74.     Paddock states that the allegations in Paragraph 74 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock admits the allegations in Paragraph 74 of the Counterclaims.

75.     Paddock states that the allegations in Paragraph 75 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock denies the allegations in Paragraph 75 of the Counterclaims.

76.     Paddock states that the allegations in Paragraph 76 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock denies the allegations in Paragraph 76 of the Counterclaims.

77.     Paddock states that the allegations in Paragraph 77 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock admits those allegations.

78.     Paddock states that the allegations in Paragraph 78 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 78 of the Counterclaims, and therefore denies the same.

79.     Paddock states that the allegations in Paragraph 79 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 79 of the Counterclaims, and therefore denies the same.

80.     Paddock states that the allegations in Paragraph 80 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock lacks knowledge or information sufficient to form a response to the allegations in Paragraph 80 of the Counterclaims, and therefore denies the same.

81.     Paddock states that the allegations in Paragraph 81 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statutes speak for themselves.  To the extent a response is required, Paddock lacks knowledge or information

sufficient to form a response to the allegations in Paragraph 81 of the Counterclaims, and therefore denies the same.

82.     Paddock denies the allegations in Paragraph 82 of the Counterclaims, except that Paddock admits that the purpose of the Special Use Permit was "Implementation of Sampling and Analysis Plan."

83.     The allegations in Paragraph 83 characterize a document, the Special Use Permit, which speaks for itself, and assert conclusions of law to which no response is required.  To the extent a response is required, Paddock denies the allegations in Paragraph 83 of the Counterclaims.

84.     The allegations in Paragraph 84 characterize a document, an August 23, 2019 letter from the National Park Service to Paddock, which speaks for itself.  To the extent a response is required, Paddock denies the allegations in Paragraph 84 of the Counterclaims.

85.     Paddock admits the allegations in Paragraph 85 of the Counterclaims.

**Counterclaim One: CERCLA Cost Recovery**

86.     Paddock repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 85 of the Counterclaims as set forth above.

87.     Paddock states that the allegations in Paragraph 87 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock denies those allegations.

88.     Paddock states that the allegations in Paragraph 88 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock denies those allegations.

89.     Paddock states that the allegations in Paragraph 89 of the Counterclaims assert conclusions of law for which no response is required, as the language of the cited statute speaks for itself.  To the extent a response is required, Paddock admits those allegations.

90.     Paddock states that the allegations in Paragraph 90 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock denies those allegations.

91.     Paddock states that the allegations in Paragraph 91 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock denies those allegations.

### Contingent Counterclaim Two: CERCLA Contribution

92.     Paddock repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 85 of the Counterclaims as set forth above.

93.     Paddock states that the allegations in Paragraph 93 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock admits those allegations.

94.     Paddock states that the allegations in Paragraph 94 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock denies those allegations, except that Paddock admits that in resolving a CERCLA contribution claim under Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), the Court shall use such equitable factors as it determines are appropriate to allocate response costs among liable parties.

**Counterclaim Three:**
**Declaratory Judgment for Recovery of Further Response Costs by the United States**

95.     Paddock repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 85 of the Counterclaims as set forth above.

96.     Paddock states that the allegations in Paragraph 96 of the Counterclaims assert conclusions of law for which no response is required.  To the extent a response is required, Paddock denies those allegations.

## PRAYER FOR RELIEF

This section contains the United States' requests for relief, to which no response is required.  To the extent a response is required, Paddock denies that the United States is entitled to the relief sought in its Counterclaims.

## DEFENSES

Paddock states that it will rely upon one or more of the following defenses.  Paddock asserts the following defenses without assuming any burden of proof of such defenses that would otherwise rest on the United States.  Notwithstanding the enumeration of specific defenses set forth below, Paddock reserves unto itself all of those defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure and such other defenses, affirmative or otherwise, as may prove through discovery to be applicable.  Paddock further reserves the right to assert such claims, counterclaims-in-reply, third-party claims, cross-claims, or other claims as investigation and discovery may prove applicable, and hereby reserves unto itself all of its rights associated with any such claim or potential claim.  Paddock further reserves the right to amend this Answer if

investigation, discovery, and further information warrant such amendment, and further, to assert any applicable matters of law during the pendency of this action.

### FIRST DEFENSE

The United States' Counterclaims are barred, in whole or in part, because the Counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The United States' Counterclaims are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD DEFENSE

The United States' Counterclaims are barred, in whole or in part, by the applicable statutes of repose.

### FOURTH DEFENSE

The United States' Counterclaims fail, in whole or in part, because the United States has failed to comply with all of the requirements for recovery under CERCLA and the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP").

### FIFTH DEFENSE

The United States' Counterclaims fail, in whole or in part, because Paddock is not a liable party under Section 107 of CERCLA, 42 U.S.C. § 9607.

### SIXTH DEFENSE

The United States' Counterclaims are barred, in whole or in part, because Paddock did not dispose of hazardous substances at Jaite Mill nor dispose of hazardous substances at Jaite Mill necessitating a response action.

## SEVENTH DEFENSE

The United States' Counterclaims fail, in whole or in part, because Paddock is entitled to one or more statutory defenses under Sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601 and 9607.

## EIGHTH DEFENSE

The United States' Counterclaims fail, in whole or in part, because the United States' alleged response costs, damages, and prejudgment interest, if any, are inconsistent with CERCLA and the NCP.

## NINTH DEFENSE

The United States' Counterclaims fail, in whole or in part, because the United States' selected Time-Critical Removal Action and selected remedy set forth in the Removal Action Memorandum, dated September 29, 2021, are arbitrary, capricious, and not in accordance with law, including CERCLA and the NCP.

## TENTH DEFENSE

The United States' Counterclaims are barred, in whole or in part, because the Counterclaims fail to allege facts, or a cause of action, sufficient to support a claim for attorneys' fees and costs.

## ELEVENTH DEFENSE

The United States failed to mitigate any injuries, damages, costs, and prejudgment interest it allegedly suffered, which failure reduces or bars any recovery by the United States.

## TWELFTH DEFENSE

The United States' Counterclaims are barred, in whole or in part, by the doctrines of laches, estoppel, consent, assumption of risk, and/or unclean hands.

**THIRTEENTH DEFENSE**

The United States' Counterclaims are barred, in whole or in part, due to its failure to join

all necessary and indispensable parties.

**FOURTEENTH DEFENSE**

The United States' Counterclaims are barred, in whole or in part, because none of the

alleged acts or omissions of Paddock (or its predecessors) proximately caused the United States'

alleged injuries, damages, or costs.

**FIFTEENTH DEFENSE**

To the extent Paddock is found liable to the United States, Paddock asserts its right to an

equitable allocation or apportionment of fault pursuant to CERCLA, as well as its right to a

proportionate reduction of any liability and relief awarded based on the conduct of any settling

tortfeasor, third party, or the United States.

**SIXTEENTH DEFENSE**

If the United States sustained any injury or is entitled to any damages or costs, such

injury and damages or costs were caused, in whole or in part, by the United States' own acts or

omissions, negligence, lack of due care and fault, and/or that of the United States' agents,

representatives, or employees.  In the event that the United States is found to have sustained any

injury and is entitled to any damages or costs, the United States' recovery against Paddock, if

any, must be reduced by the proportionate damages or costs caused by the acts or omissions of

the United States or its agents, representatives, or employees.

**SEVENTEENTH DEFENSE**

Paddock cannot be held jointly and severally liable under CERCLA because its acts or

omissions, if any, and the alleged damages, costs, or harm purportedly caused thereby, were

separate and distinct from the acts, omissions, and damages, costs, or harm caused by others,

including the United States, and therefore the alleged damages, costs, or harm allegedly caused by the acts or omissions of Paddock are divisible from any damages, costs, or harm caused by other parties, including the United States.

### EIGHTEENTH DEFENSE

The United States' Counterclaims are barred, in whole or in part, because the United States cannot recover more than once for the same alleged injury, damage, or cost.

### NINETEENTH DEFENSE

The United States' Counterclaims are barred, in whole or in part, because the United States has not incurred costs or damages in excess of its fair, equitable, and proportionate share of liability.

### TWENTIETH DEFENSE

The alleged costs, damages, and other relief that the United States seeks, if awarded, would result in an improper windfall to the United States.

### TWENTY-FIRST DEFENSE

Paddock is entitled to a setoff against United States' Counterclaims.

### TWENTY-SECOND DEFENSE

To the extent the United States seeks relief regarding alleged future response costs or damages, the United States may only recover, if at all, for future response costs or damages incurred in connection with an existing legal obligation.

Dated: December 9, 2022                       Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Kegan A. Brown*
     Kegan A. Brown
     Taylor R. West (admitted *pro hac vice*)
     Youlan Xiu (admitted *pro hac vice*)
     LATHAM & WATKINS LLP
     1271 Avenue of the Americas
     New York, NY 10020
     Telephone: (212) 906-1200
     Facsimile: (212) 751-4864
     Email: kegan.brown@lw.com
     Email: taylor.west@lw.com
     Email: youlan.xiu@lw.com
     *Attorneys for Plaintiff Paddock Enterprises,*
     *LLC*