

**U.S. Department of Justice**

Environment and Natural Resources Division

90-11-3-12282/2

*Environmental Enforcement Section*     *Telephone (202) 514-1398*
P.O. Box 7611
Washington, DC 20044

July 26, 2024

**VIA EMAIL**

Honorable Sara Lioi
United States District Court
Two South Main Street, Room 526
Akron, Ohio 44308-1811

        Re:     *Paddock Enterprises, LLC v. United States*, No. 5:22-cv-01558 (N.D. Ohio)

Dear Chief Judge Lioi:

        I write on behalf of the United States regarding the settlement conference scheduled for July 30, 2024, in the above-referenced case. The Court's Order establishing the requirement for the settlement conference states that "**parties with ultimate settlement authority must be personally present for the settlement conference**." Dkt. No. 60 at PageID 1263. I am writing to request that, for the reasons outlined below, the Court excuse the attendance of the senior Justice Department officials with likely settlement authority and allow the undersigned Department of Justice trial attorneys to represent the United States at the status conference in his or her stead.

        Pursuant to a delegation from the Attorney General, authority to approve a settlement on behalf of the United States in this case likely resides in either the Associate Attorney General (ASG) or the Assistant Attorney General for the Environment and Natural Resources Division (AAG), both of which are presidential appointees confirmed by the Senate. *See* 28 U.S.C. §§ 509, 516, & 519; 28 C.F.R. §§ 0.160 *et seq.*; 28 C.F.R. § 0.160 *et seq.*; 28 C.F.R. Pt. O, Subpt. Y, App. Directive 7-76. Courts have routinely recognized the heavy burden that would be imposed if the high-level Justice Department officials were required to attend settlement conferences in each of the thousands of cases for which the ASG or the AAG has ultimate settlement authority. Moreover, in the Judicial Improvements Act of 1990, which authorized district courts to require the presence of persons with complete authority to bind the parties at settlement conferences, *see* 28 U.S.C. § 473(b)(5), Congress expressly recognized the unique hardship such a requirement would impose on the U.S. Department of Justice. The Act therefore provides that "[n]othing in a [plan implemented by a district court] relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, or any delegation of the Attorney General." 28 U.S.C. § 473(c). The accompanying Senate Report further explained:

> [T]hose district courts that choose to [require the presence of representatives with full settlement authority] should account for the unique situation of the Department of Justice. The Department does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials . . . in the litigating divisions in Washington. Clearly the Department cannot realistically send officials with full settlement authority to each settlement conference.

S. Rep. No. 101-416, at 51 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6802, 6848. *See also In re Stone*, 986 F.2d 898, 904-905 (5th Cir. 1993) ("reasonable policy justifications [underlie] the Justice Department's settlement regulations" and district courts "should recognize . . . the special problems the Department of Justice faces in handling the government's ever-increasing volume of litigation").

In light of the foregoing, the United States requests that the Court allow it to be represented at the status conference by undersigned counsel, the trial attorneys assigned to this case, as well as the party representatives from the Department of the Interior. Trial attorneys are the primary recommending officials for settlements involving the United States, and, to the extent necessary at this Status Conference, the undersigned attorneys are fully authorized to negotiate in good faith and to recommend proposed settlement agreements be approved by the appropriate high-level government officials at the client agencies and the Department of Justice. For these reasons, the Court should excuse the absence of persons with ultimate settlement authority for the United States at the July 30, 2024, settlement conference.

Sincerely,

*/s/Matthew Indrisano*
KRISTIN FURRIE
MATTHEW INDRISANO
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 202-616-6515 (Furrie)
Telephone: (202) 514-1398 (Indrisano)
Email: Kristin.Furrie@usdoj.gov
Email: Matthew.Indrisano@usdoj.gov

ZOE B. PALENIK
PHILLIP R. DUPRE
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-1034 (Palenik)
Telephone: (202) 616-7501 (Dupré)
Email: zoe.palenik@usdoj.gov
Email: phillip.r.dupre@usdoj.gov